# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CEDRIC JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:11-cv-00391 |
| ) | Judge Trauger |
| STATE OF TENNESSEE, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

The petitioner is a pre-trial detainee housed at the Criminal Justice Center Detention Facility in Nashville, Tennessee. In addition to a petition for *habeas corpus* relief (Docket No. 1), he has filed several *pro se* motions: a motion to add an emergency attachment to his writ of *habeas corpus* (Docket No. 11); a motion for appointment of counsel (Docket No. 12); and a motion for leave to proceed as a pauper (Docket No. 13).

In the petitioner's motion to add an emergency attachment to his petition for *habeas corpus* relief, the petitioner seeks to add new factual allegations to his pending petition. (Docket No. 11). The court construes the petitioner's motion as a motion to amend his petition for *habeas corpus* relief.

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is filed . . . ." Rule 15(a), Fed. R. Civ. P., *see Hodges v. Rose*, 570 F.2d 643, 649 (6th Cir.1978) ("Amendment of a petition for habeas corpus is governed by 'the rules of procedure applicable to civil actions.'") "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party . . . ." Rule 15(a), Fed. R. Civ. P. Leave to amend a complaint "shall be freely given when justice so requires," *Id.; see Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), and should not be denied unless there is evidence of undue delay,

bad faith, undue prejudice to the non-movant, or futility, *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998(citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 420 (*citing Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993).

As the petitioner has not previously amended his petition and there is no evidence of "undue delay, bad faith, undue prejudice to the non-movant, or futility," the court hereby **GRANTS** the petitioner's motion (Docket No. 11), which the court construes as a motion to amend his *habeas corpus* petition.

The petitioner also has filed a motion for appointment of counsel. (Docket No. 12). The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.,* No. 91-5759, 947 F.2d 947 (6th Cir. 1991)(citing *Willett* favorably).

The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). In this instance, the petitioner asserts that he is unable to afford counsel, he has limited access to a law library, he has limited knowledge of the law, and the issues presented in his case are complicated. (Docket No. 12 at p.2). The petitioner's circumstances as described, however, are typical to most prisoners and do not suggest anything exceptional in nature.

Therefore, the motion for the appointment of counsel (Docket No. 12) is hereby **DENIED**.

The court notes that the petitioner alleges that there is a relationship between his pending criminal charges, his instant *habeas* claims, and a child custody dispute with his wife, who has allegedly fled to Texas in violation of a state court order. (Docket No. 12 at p. 3). Should the interplay of these issues present legal questions warranting the appointment of counsel at a later stage of these proceedings, the court will revisit the petitioner's request for court-appointed legal representation at that time.

Finally, the petitioner filed a motion for leave to proceed as a pauper (Docket No. 13). However, the docket sheet in this case reflects that Mr. Jones has paid the full civil filing fee of five dollars ($5.00) to the court. (Docket No. 5). Therefore, his motion for leave to proceed as a pauper (Docket No. 13) is **DENIED AS MOOT.**

It is so **ORDERED.**

_____
Aleta A. Trauger
United States District Judge