# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CEDRIC JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:11-cv-00391 |
| ) | Judge Trauger |
| STATE OF TENNESSEE, ) | |
| ) | |
| Respondent. ) | |

## **M E M O R A N D U M**

The petitioner, Cedric Jones, has filed a *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. (Docket No. 1). Mr. Jones' petition challenges the legality of his pre-trial confinement pursuant to Davidson County Criminal Court Case No. 2010-B-1522, charging the petitioner with four counts of aggravated rape and one count of aggravated kidnapping. At the time he filed his petition, Mr. Jones was a pre-trial detainee at the Criminal Justice Center Detention Facility in Nashville, Tennessee, awaiting trial.[1]

**I.    BACKGROUND**

On March 2, 2010, the petitioner was arrested pursuant to a warrant issued in Davidson County, Tennessee, on the charge of aggravated rape of his fourteen (14) year old daughter, KJ.[2] (Addendum 1, pp. 3-4). On March 3, 2010, the petitioner's bond was set at $250,000.00 secured. (Addendum 1, pp. 6-7). Following a preliminary hearing on or about March 18, 2010, the petitioner's case was bound over to the Davidson County grand jury. (Addendum 1, p. 8). On June 11, 2010, a Davidson County grand jury indicted the petitioner on four (4) counts of aggravated rape

---

[1] The record does not definitely answer whether the petitioner has been tried yet in state court on these charges. *See* Docket No. 56 at p. 8 (petitioner stating "that's why I had to avoid the trial date of October 3, 2011.").

[2] Due to the nature of the alleged crimes, the court elects to refer to the victim, who was a minor at the time, by her initials.

of his fourteen year old daughter and one (1) count of aggravated kidnapping. (Addendum 1, pp. 9-14).

The state court record contains, among other things, police reports and related documents, including a case summary, which sets forth facts in support of the charges pending against the petitioner as follows:

> On 3/02/10 officers were called to 1104 Cresfield Drive where [KJ] (age 14) was reporting that on the evening of 3/01/10 her father Cedric Jones had taken her to a storage facility near Nolensville/OHB (425 Swiss Ave.), held her at gunpoint and raped her vaginally, forced her to perform fellatio on him, and performed cunnilingus on her. He kept her in the storage unit throughout the night before dropping her off at home in the morning and driving off saying he was going to kill himself. South Patrol secured the storage facility and also transported the victim to General Hospital for an MLE. Detective Carrigan (MNPD-Sex Crimes) met them there and had the MLE completed by Our Kids. Two search warrants were executed at the storage facility and multiple items were collected including the liner of a futon/pullout bed, a receipt for a handgun, a box for 9mm handgun, a loaded 9mm pistol magazine, several empty liquor bottles, handcuffs, a desktop computer, and cell phones. Surveillance video was also collected from the storage facility property. That video captured the suspect and victim in a car leaving the facility around 0400 hrs. on 03/02/10, corroborating the victim's statement of events. An arrest warrant was obtained against Cedric Jones for Aggravated Rape. At that time he was still driving around Nashville calling relatives and a suicide hotline saying he was going to kill himself. He was apprehended on the evening of 03/02/10 by Rutherford County Sheriff deputies in LaVergne. A 9mm pistol and a laptop computer were found in the vehicle he had been driving. The car and its contents were towed and held at MNPD Tow-In-Lot. The suspect was brought to MNPD headquarters and an interview was attempted but he refused to make any statements. He was then transported to General Hospital for HIV testing. At the hospital he was requested to provide a DNA sample and other physical samples but he refused to consent. A search warrant was obtained and executed at the hospital to collect a DNA sample, penile swabs, and the suspect's clothing. The suspect was booked into DCSO jail on the Agg. Rape charge.
> The following day (03/03/10) a search warrant was obtained and executed for the suspect"s vehicle at the tow-in-lot. A 9mm pistol and

> a laptop computer were collected from the vehicle as well as additional digital media. A search warrant was obtained for the suspect's Verizon Wireless cellular phone account to obtain all text messages sent from and received by his cell phone. On those messages the suspect stated that he did something bad and threatened to commit suicide. A search warrant was also obtained for the suspect's Google/Gmail account for the contents of his email. Emails that the suspect sent shortly after the rape were also found in his email account. On one of those emails from the morning of 03/02/10 he stated that he had made some "mistakes" involving [K] and that he was planning on killing himself that morning.

(Addendum 1, p. 72; *see also* Nashville Metropolitan Police reports and supplemental reports and supporting documentation, generally pp. 72-640; Statement victim to RN Cotton, pp. 122-26).

On July 7, 2010, the trial court entered a pre-trial order setting dates for discussion, pre-trial motions, responses and settlement deadline. (Addendum 1, p. 15). The Davidson County assistant public defender Gary Tamkin was assigned to represent the petitioner on or about July 7, 2010. (Addendum 1, pp. 16-17). On July 8, 2010, counsel for the petitioner filed a request for discovery and/or inspection. (Addendum 1, pp.18-22). On July 21, 2010, the State of Tennessee filed its response to request for discovery. (Addendum 1, pp. 23-25).

On October 7, 2010, following a hearing at the petitioner's request, the Public Defender's Office was relieved as counsel for the petitioner. (Addendum 1, p. 29; Addendum 2, Volume 1). The court appointed Graham Pritchard to represent the petitioner. (*Id.*) On January 13, 2011, the trial court set a trial date for October 3, 2011, and the trial date certificate noted that there are pre-trial issues that may need to be filed as well as possible expert witness notice. (Addendum 1, p. 30).

On April 7, 2011, the petitioner filed a petition for writ of *habeas corpus* in the Davidson County Criminal Court, Case No. 2010-B-1532.2 (Addendum 1, pp. 30-42). The petitioner's state petition for writ of *habeas corpus* was denied by the trial court in a four (4) page order entered on April 8, 2011. (Addendum 1, pp. 44-46). In the order denying the petition, the trial court stated the

petition raised "multiple claims" all of which "concern the merits" of the charges against the defendant. (*Id*.) The court found that those claims were more appropriate for pre-trial motions and advised the petitioner to communicate with his appointed counsel, Graham Pritchard, in preparation for the trial set October 3, 2011. *(Id.)*

On April 28, 2011, Mr. Pritchard filed a motion to reduce bond on the petitioner's behalf. (Addendum 1, pp. 47-49). Following a hearing on June 3, 2011, the petitioner's bond was reduced to $200,000.00 with additional conditions. (Addendum 1, pp. 50-51; Addendum 2, Volume 2). The petitioner's counsel filed a motion to approve bond source on June 10, 2011. (Addendum 1, pp. 52-53). The petitioner was released on bond following a bond source hearing on June 22, 2011. (Addendum 2, Volume 3). Following a status hearing in state court on July 13, 2011, Mr. Jeffrey Goldtrap entered an appearance as retained criminal defense counsel. (Addendum 1, p. 641).

The petitioner filed the instant petition for writ of *habeas corpus* on April 8, 2011. (Docket No. 7). The petitioner names the State of Tennessee as the respondent. Upon receipt of the instant petition, the court conducted a preliminary examination of the petition and determined that the petitioner had stated at least one colorable claim for relief. (Docket No. 7 at p. 2). Accordingly, the court entered an order on May 20, 2011, directing the respondent to answer or otherwise respond to the petition. (Docket No. 7). The respondent filed an answer/response to the petition on July 7, 2011. (Docket No. 26). The petitioner filed a reply to the respondent's answer/response on November 30, 2011 (Docket No. 53), and an amended reply on December 6, 2011 (Docket No. 54).

Upon consideration of the record, the court concludes that an evidentiary hearing is not needed. *See Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief). Therefore, the court shall dispose of the petition as the law and justice requires. Rule 8(a), Rules — § 2254

4

Cases.[3]

Jurisdiction and venue in this court are appropriate under 28 U.S.C. § 2241(d) because the defendant has been charged with crimes allegedly committed in Davidson County, Tennessee.

## II. ISSUES

The respondent identified eight (8) grounds for relief as set forth in Mr. Jones' petition:

1. The petitioner is being held on state charges in violation of the United States Constitution's Eighth Amendment prohibition against cruel and unusual punishment;

2. The petitioner is being held in a manner which violates his First Amendment right to freedom of speech under the United States Constitution;

3. The petitioner is being framed by his wife in order to obtain custody of their children;

4. The petitioner is entitled to a change of venue;

5. The petitioner's person and vehicle were subjected to unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution;

6. The petitioner has been denied Due Process by the state trial court as a result of the bond set on pending state charges;

7. The petitioner's right to the effective assistance of trial counsel has been violated; and

8. The petitioner has been denied a speedy trial as a result of the ineffective assistance of trial counsel. (Docket No. 26 at pp. 6-7).

## III. ANALYSIS

---

[3] The rules pertaining to § 2254 cases are applicable to requests for *habeas corpus* relief brought pursuant to 28 U.S.C. § 2241. Rule 1(b), Rules – § 2254 Cases.

The law is well-settled that a federal court should not interfere with pending state court criminal proceedings, absent the threat of "great and immediate" irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971). It is also clear that a federal court may *sua sponte* raise the issue of *Younger* abstention. *Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976). In this case, however, the respondent has raised the issue, asserting that the petition should be dismissed under the abstention doctrine set forth in *Younger*. (Docket No. 26 at p. 7).

As recognized by the respondent, the petitioner here appears to be seeking to have this court intervene in a pending state court criminal proceeding. In *Younger*, the Supreme Court held that, absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions. The *Younger* abstention doctrine is based on the principle that the states have a special interest in enforcing their own laws in their own courts. *Id.* at 44. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir.1986) (internal quotations omitted). Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state judicial proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors that support *Younger* abstention are present in this case. First, there is no dispute that there was an ongoing state judicial proceeding when the petitioner filed his complaint. The State of Tennessee was pursuing a criminal prosecution of the petitioner, having charged him with four (4) counts of aggravated rape and one (1) count of aggravated kidnapping of his fourteen (14) year old daughter. Second, there can be no doubt that state criminal proceedings implicate

6

important state interests. *See, e.g., Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Third, the state court proceedings provide an adequate forum in which the petitioner can raise constitutional challenges. Nothing prevents the petitioner from presenting his federal claims in the pending state court proceedings. If the petitioner does so, and the trial court denies or otherwise fails to consider his constitutional claims, he may exercise his right to an appeal under Tennessee law. The petitioner also may oblige himself of state post-conviction proceedings in the event he is convicted of the charged offenses.

There are exceptions to the *Younger* doctrine: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611; (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979)(quoting *Huffman*, 420 U.S. at 611); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). In order to overcome the bar of *Younger* abstention, a petitioner must do more than set forth mere allegations of bad faith or harassment. *Amanatullah v. Colorado Board of Medical Examiners*, 187 F.3d 1160, 1165 (10th Cir.1 999) (citing *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir.1997).

Here, the plaintiff's unsupported assertions of bad faith and harassment are insufficient to invoke any of the exceptions to the *Younger* abstention doctrine. The record contains no evidence of bad faith or harassment on the part of state officials handling the prosecution. The petitioner alleges that he is being "framed" and that there is conspiracy between law enforcement and certain judicial officers. However, there is significant physical evidence (witness statements, telephone records, surveillance camera footage, and other items) of the petitioner's participation in the crimes

7

with which the petitioner has been charged, including the petitioner's own text message stating that he had done something "bad" on the day of the alleged rape as well as an email sent by the petitioner shortly after the alleged rape stating that he had made some "mistakes" involving KJ and that he was planning to kill himself that morning. (Addendum 1, p. 72). Although the petitioner alleges harassment and improper conduct by state officials, the record reflects that the actions taken against him have not been brought in bad faith. Moreover, the petitioner has been represented by counsel throughout his criminal case. There is no allegation by the petitioner that the state statutes[4] under which the petitioner is being prosecuted are patently unconstitutional. Therefore, no exception to the *Younger* doctrine is warranted.

More than one of the petitioner's allegations involves the failure of a state judge to comply with state law requirements. As such, these allegations are "not cognizable in a federal habeas corpus proceeding." *Spalla v. Foltz*, 788 F.2d 400, 405 (6th Cir.1986); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions"); *Lewis v. Jeffers*, 497 U.S. 764, 779 (1990) ("federal habeas corpus relief does not lie for errors of state law"); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); *Sinistaj v. Burt*, 66 F.3d 804, 807 (6th Cir. 1995) ( "Errors of state law alone cannot form the basis of relief under federal habeas corpus."); *Houston v. Dutton*, 50 F.3d 381, 385 (6th Cir.1995) ("When and how state law applies to a particular case is a matter on which the state supreme court has the last word. No federal issues are implicated and no federal question is presented in determining whether a change in state law is to be applied retroactively.")(citation omitted).

---

[4] *See Tenn. Code Ann*. § 39-13-502 (aggravated rape); *Tenn. Code Ann*. § 39-13-304(aggravated kidnapping).

Because it plainly appears from the face of the petition that Mr. Jones is not entitled to any *habeas corpus* relief in this court, the petition for the writ of *habeas corpus* will be **DENIED** and this action **DISMISSED**.

When the district court denies a ground for relief on the merits in a *habeas corpus* action, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petitioner has not made a substantial showing of a constitutional right, a certificate of appealability will not issue.

## IV. CONCLUSION

Until the state process runs its course, this court is not authorized to interfere with the petitioner's ongoing state criminal proceedings. Accordingly, on all grounds, the petition for writ of *habeas corpus* (Docket No. 1) is hereby **DENIED**. Rule 4, Rules - - - § 2254 Cases. The petitioner's claims are **DISMISSED** without prejudice, and a certificate of appealability will not issue as to any of those claims.

An appropriate order will enter.

Aleta A. Trauger
United States District Judge